UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C2 EDUCATIONAL SYSTEMS, INC.,
    Plaintiff,
    v.
SUNNY LEE, et al.,
    Defendants.

Case No. 18-cv-02920-SI

**ORDER FOR PLAINTIFF TO PROVIDE NOTICE OF APPLICATION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff C2 Educational Systems, Inc. filed this case on May 17, 2018. Dkt. No. 1. On June 8, 2018, plaintiff filed an ex parte application for a temporary restraining order ("TRO"). Dkt. No. 8. On June 12, 2018, the case was reassigned to the undersigned Judge. Dkt. No. 11.

Plaintiff asserts that it should not be required to give notice to defendants of its application because "Plaintiff has reason to believe that Defendants will likely immediately destroy evidence and disclose confidential and proprietary information to C2's competitors and/or other members of the public if given notice." Pl.'s Ex Parte App. at 2. Having reviewed the complaint and the ex parte application, and the papers filed in support thereof, the Court finds that this matter is not appropriate for resolution ex parte.

A court may issue a temporary restraining order without notice to the adverse side:

*only if:*

  **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

  **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b) (emphasis added).

Here, the complaint alleges that defendants left their employment with plaintiff to start a competing business in February 2018. Compl. ¶¶ 12, 15, 18. Plaintiff fails to provide any information to show why destruction of evidence is likely to occur now if defendants receive notice of the TRO application, rather than in the four months since they left plaintiff's company. The cases that plaintiff cites do not stand for the proposition that notice should not be provided under the present circumstances. *See* Pl.'s Ex Parte App. at 12 (citing *Stuhlberg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (notice of TRO not at issue); *Fuhu, Inc. v. Toys "R" Us, Inc.*, No. 012cv2308 WQH-WVG, 2012 WL 5197556, at *3 (S.D. Cal. Oct. 19, 2012) (defendants received notice of TRO application)). Plaintiff also cites to paragraph 11 of the declaration of David P. Thatcher. That paragraph requests expedited discovery based on an unspecified "reasonable concern that the evidence at issue may be subject to spoliation" and states that "C2 needs to discover more details about the degree and scope of Defendants' misappropriation." Dkt. No. 8-4, Thatcher Decl. ¶ 11. Plaintiff has therefore failed to meet the requirements of Rule 65(b). *Cf. Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131-32 (9th Cir. 2006) (finding request that TRO issue without notice to adverse party "thin and barebones at best" where application cited only generally to "the significant risk that Defendant may leave the . . . area and destroy or conceal [his] infringing merchandise once [he] receive[s] notice of the lawsuit.")

Accordingly, the Court ORDERS that plaintiff provide notice of the pending TRO application to defendants. The parties shall meet and confer regarding a hearing date and shall then contact the Court's courtroom deputy, Tracy Kasamoto (sicrd@cand.uscourts.gov), to set the hearing on the Court's calendar.

**IT IS SO ORDERED**.

Dated: June 12, 2018

_____
SUSAN ILLSTON
United States District Judge