UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C2 EDUCATIONAL SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>SUNNY LEE, et al.,<br><br>    Defendants. | Case No. 18-cv-02920-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 78, 81 |

The parties have each filed administrative motions to seal various documents filed in relation to defendants' motion for summary judgment. Dkt. Nos. 78, 81. The Court has issued a separate order on the summary judgment question and now rules here on the motions to seal.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). The Ninth Circuit has explained:

> Under this stringent standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture. The court must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. What constitutes a "compelling reason" is best left to the sound discretion of the trial court. Examples include when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing.

*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (citations, internal quotation marks, and alterations omitted). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civil L.R. 79-5(b).

## I. Defendants' Motion to Seal Exhibits C and O

Defendants move to seal Exhibits C and O filed in support of their motion for summary judgment because plaintiff designated these documents as confidential during discovery. Dkt. No. 78. Plaintiff has filed a declaration from Andrew Lobo, C2's Chief Human Resources Officer, in support of sealing these exhibits. Dkt. No. 80.

Exhibit C contain excerpts of Lobo's Rule 30(b)(6) deposition transcript, which the parties seek to seal in its entirety. In his declaration, Lobo states that the "excerpts contain confidential information about the criteria C2 uses to evaluate district managers and center managers, particularly Defendants, and C2's compensation criteria." Dkt. No. 80, Lobo Decl. ¶ 8. Exhibit O, Lobo explains, "contains a student contract and a true and correct copy of C2's refund and payment policies." *Id.* ¶ 9. Lobo states that "C2 does not publicly disclose the information in the student contract and addendum attached as Exhibit O . . . [n]or does it disclose details of particular employee compensation or its incentive criteria contained in Exhibit C. It does not disclose the details of how it evaluates employees for incentive payment or details about particular employees, including assessments of its managers." *Id.* ¶ 10. Citing the competition in the Bay Area for managers and clients of tutoring centers, Lobo states that these two exhibits "especially when considered collectively, contain competitively sensitive information related to the manner and means by which C2 contracts with and provides refunds to clients and also the way it evaluates its managers and compensates employees." *Id.* ¶ 11.

Having reviewed the two exhibits, the Court finds that they fail to meet the standard for filing under seal. First, neither document is narrowly tailored such that only sealable material is sought to be redacted. Defendants move to file both documents under seal in their entirety, and plaintiff has made no subsequent corrections to redact those documents more narrowly. Each exhibit

2

1  contains information that can hardly be characterized as sealable, such as numerous "I don't recall"
2  responses in the Lobo deposition and blank spaces on the student contract that request the student's
3  first name and last name. Second, none of the information in either exhibit appears to be information
4  that plaintiff took steps to safeguard or that another party privy to the information could not disclose.
5  For instance, Exhibit O is a blank form of C2's student contract and refund policies. Presumably,
6  any student who signs up with C2 receives a copy of these policies and is at liberty to share them as
7  he or she wishes. Exhibit O does not contain the private information of any particular student; it is
8  simply a blank contract form. Similarly, Exhibit C contains information such as defendant Lee's
9  annual salary at C2, which Lee could presumably share publicly if she so wished. The deposition
10 also contains information that defendants received "incentive compensation" tied to the sales
11 performance of the centers they managed, but it lacks any specific detail about how this
12 compensation is structured. It can hardly be considered a trade secret that a tutoring business
13 provides some form of compensation to its managers on the basis of sales levels. None of the
14 remaining information in the excerpts of the Lobo deposition could be construed as sealable,
15 particularly where a substantial portion of the responses in the excerpts consist of "I don't recall."

The Court **DENIES** defendants' motion to seal Exhibits C and O. **Defendants must publicly file these exhibits on the docket within seven days of the date of this Order.**

## II. Plaintiff's Motion to Seal

Plaintiff has filed a motion to seal various exhibits filed in support of its opposition brief. Dkt. No. 81. These are: portions of the declaration of Pam Dhillon; Exhibit 1 attached to the Dhillon declaration; and Exhibits 16-20, 26-28, and 36-37 attached to the declaration of David Thatcher. Defendants have filed a declaration in support of sealing Exhibits 16-20, 26-28, and 36-37 attached to the Thatcher declaration. Dkt. No. 83. The Court hereby rules as follows.

Portions of the declaration of Pam Dhillon: **DENIED.** Plaintiff seeks to redact the portions of the Dhillon declaration that contain the dollar amounts of refunds given to clients in a given month. This information is relevant to plaintiff's claim for intentional interference with contractual

3

relations, for part of that claim involves the theory that defendants set C2 up to issue full refunds to clients so that the clients could then leave C2 and go to Core. Plaintiff is the party who has put this information at issue in the case. Plaintiff says nothing specific in support of sealing this particular information besides the general statement that "C2 does not publicly disclose the information in the Dhillon Declaration . . ., including the amount of sales and refunds for its centers." Dkt. No. 81-1, Lobo Decl. ¶ 9. This does not meet the "compelling reasons" standard for sealing. Additionally, the amount of each refund is known to a third party (i.e., the student who received the refund) and nothing prohibits them from disclosing the amount of the refund. Nor does the declaration contain confidential student information; only one student is referenced individually and he or she is referred to as "a student" or "the student." **Plaintiff shall publicly file an unredacted version of the Dhillon declaration on the docket within seven days of the date of this Order.**

Portions of Exhibit 1 to the Dhillon declaration: **GRANTED**. This is a C2 spreadsheet showing, student by student, the students who signed up for services or received refunds at the Cupertino Center during certain months in 2017 and 2018. It contains information, by student, on the amount of payment they made (or refund they received) and for how many hours of services. Plaintiff provides this document as support for the figures given in the Dhillon declaration. The public's interest in accessing this document is lessened by the Court's above ruling that the Dhillon declaration shall be publicly filed, particularly when balanced against the confidential student information that the document contains. Plaintiff should be mindful, however, that the Court will be inclined to order unsealing of this exhibit if plaintiff seeks to rely on this document at trial.

Exhibit 16 to the Thatcher declaration: **GRANTED**. This is C2's lease application for its retail space. Plaintiff provides a declaration in support of sealing only pages 4, 13, and 14, which contain C2's financial charts. Defendants seek to seal the entire document, as the lease application contains defendants' personal bank statements, home addresses, and other financial information such as defendants' personal tax returns and W-2s. The Court does not rely on this exhibit in its ruling on the motion for summary judgment, and so the document is of minimal assistance to the public in

understanding the judicial process. Plaintiff should be mindful, however, that the Court will be inclined to order unsealing of the C2 financial charts contained in this exhibit if plaintiff seeks to rely on this document at trial.

Exhibit 17 to the Thatcher declaration: **DENIED.** This is an email exchange between defendant Lee and the property manager of the Core retail space regarding details such as the cost of the retail space per square foot, move-in date, tearing down of an internal wall, etc. In support of sealing, defendants state only that "[t]his document contains confidential information regarding Core's business." Dkt. No. 83, Jang Decl. ¶ 4. This conclusory statement is not a compelling reason, and the Court finds nothing confidential about the contents of this document. **Plaintiff shall publicly file Exhibit 17 on the docket within seven days of the date of this Order.**

Exhibit 18 to the Thatcher declaration: **DENIED, without prejudice**. This is defendants' lease agreement. It is mainly a form contract containing the terms of the lease. In support of sealing, defendants state only that "[t]his document contains confidential information regarding Core's business and financial information." Jang Decl. ¶ 5. This conclusory statement is not a compelling reason; however, because the lease agreement contains information such as personal email addresses and phone numbers of the individual defendants, the Court will give the parties leave to amend. The Court cautions that it will not grant sealing of this document in its entirety, as much of it contains standard contract language. **Defendants must either publicly file Exhibit 18 in its entirety or must file a narrowly tailored, redacted version of Exhibit 18 with an amended supporting declaration within seven days of the date of this Order.**

Exhibit 19 to the Thatcher declaration: **DENIED, without prejudice.** These are Amazon order summaries for teaching materials ordered by Core and defendant Jang. Defendants say the exhibit "contains personal financial information regarding [Jang's] credit card purchase details." Jang Decl. ¶ 6. However, the parties seek to file the entire document under seal, not just the credit card information. **Defendants must either publicly file Exhibit 19 in its entirety or must file a**

5

1  **narrowly tailored, redacted version of Exhibit 19 with an amended supporting declaration**
2  **within seven days of the date of this Order.**

Exhibit 20 to the Thatcher declaration: **DENIED.** This is an email from Core to an outside vendor for an order for window banners. Defendants state only that "[t]his document contains confidential information regarding Core's business." Jang Decl. ¶ 7. This is not a compelling reason, and the Court finds nothing confidential about the contents of this document. **Plaintiff shall publicly file Exhibit 20 on the docket within seven days of the date of this Order.**

Exhibit 26 to the Thatcher declaration: **DENIED, without prejudice**. This is a wage statement for Core employee Mark Cha. Defendants say they are required to keep this confidential by law. Jang Decl. ¶ 8. The parties seek to file this document under seal in its entirety, but the Court finds a redacted version would be appropriate. The information relevant to the summary judgment motion is the fact that Cha received a paystub from Core for the pay period 2/12/18-3/2/18. Nothing about Cha's name or this pay period reveals confidential information. **Defendants must either publicly file Exhibit 26 in its entirety or must file a narrowly tailored, redacted version of Exhibit 26 with an amended supporting declaration within seven days of the date of this Order.**

Exhibit 27 to the Thatcher declaration: **DENIED.** This is a text message exchange between defendant Hong and former C2 teacher Nelson Hsu. This is among the evidence plaintiff puts forward about defendants recruiting C2 teachers. Contrary to defendants' assertion, *see* Jang Decl. ¶ 9, nothing about this exchange contains confidential information that meets the standard for sealing. **Plaintiff shall publicly file Exhibit 27 on the docket within seven days of the date of this Order.**

Exhibit 28 to the Thatcher declaration: **DENIED, without prejudice.** This is an employment agreement with Core and Mikyoung Sung, a former C2 employee. It contains personal information about Sung (a third party to this case) such as date of birth and home address. The parties seek to

1 file this document under seal in its entirety, but the Court finds a redacted version would be appropriate. **Defendants must either publicly file Exhibit 28 in its entirety or must file a narrowly tailored, redacted version of Exhibit 28 with an amended supporting declaration within seven days of the date of this Order.**

Exhibit 36 to the Thatcher declaration: **GRANTED.** This is Core's client list, containing information such as the names of minor clients, how much they paid to Core, and where the clients attend school. It is part of the evidence that plaintiff relies on to show that Core enrolled a former C2 client ("J.C.") on February 10, 2018. Information regarding J.C.'s enrollment is found elsewhere in the record, such as in the deposition transcripts of defendants Lee and Hong, and so the public's interest in this exhibit is minimal. Due to the confidential information regarding minor clients that the document contains, the Court finds it appropriate that the document remain under seal for now. The Court may rule otherwise if the parties seek to rely on this information at trial.

Exhibit 37 to the Thatcher declaration: **DENIED, without prejudice.** This is Core's contract with J.C., showing his enrollment on February 10, 2018. The parties seek to file this document under seal in its entirety, but the Court finds a redacted version would be appropriate. **Defendants must either publicly file Exhibit 37 in its entirety or must file a narrowly tailored, redacted version of Exhibit 37 with an amended supporting declaration within seven days of the date of this Order.**

The Court reminds the parties that any renewed motion to seal must comply with Civil Local Rule 79-5 and with this Court's Standing Order.

**IT IS SO ORDERED**.

Dated: July 17, 2019

_____
SUSAN ILLSTON
United States District Judge